Jerusalem F. Beligan (SBN 211258)
jbeligan@bbclawyers.net
Leah M. Beligan, Esq. (SBN 250834)
lmbeligan@bbclawyers.net
**BELIGAN LAW GROUP, LLP**
19800 MacArthur Blvd., Suite 300
Newport Beach, CA 92612
Telephone: (949) 224-3881
Facsimile: (949) 724-4566

Assigned for All Purposes
Judge Lon F. Hurwitz
Dept. CX103

*Attorneys for Plaintiffs and the Putative Classes*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

Francisco Castaneda; and Chandra Haluczak, as individuals, and on behalf of all others similarly situated,

      Plaintiffs,

      vs.

AmeriTrust Mortgage Corporation; and DOES 1 through 50, inclusive,

      Defendant(s).

CASE NO.: 30-2024-01372912-CU-OE-CXC

**CLASS ACTION COMPLAINT FOR:**

(1) **Failure to pay all wages for all non-overtime hours worked, including the minimum wage, in violation of Labor Code §§ 200, 204, 218, 558, 1194, 1197 and 1198;**
(2) **Failure to pay wages for all overtime hours worked in violation of Labor Code §§ 200, 204, 210, 510, 558, 1194, and 1198;**
(3) **Failure to provide compliant meal periods in violation of Labor Code §§ 226.7 and 512;**
(4) **Failure to provide compliant rest periods in violation of Labor Code § 226.7;**
(5) **Failure to adequately indemnify employees for employment-related expenses in violation of Labor Code § 2802;**
(6) **Failure to provide accurate wage statements in violation of Labor Code § 226;**
(7) **Failure to timely pay all wages due at the time of separation in violation of Labor Code §§ 201-203; and**
(8) **Violation of Bus. & Prof. Code § 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

1

**CLASS ACTION COMPLAINT**

Plaintiffs Francisco Castaneda and Chandra Haluczak ("Plaintiffs") hereby submit this Class Action Complaint ("Complaint") against Defendants AmeriTrust Mortgage Corporation and DOES 1 through 50 (hereinafter collectively referred to as "Defendants"), as individuals and on behalf of a class of all other similarly situated current and former employees of Defendants, for damages and/or penalties for violations of the California Labor Code, including without limitation, (1) failing to pay an hourly wage for all non-overtime hours worked; (2) failing to wages for all overtime hours worked; (3) failing to provide compliant meal-and-rest periods; (4) failing to reimburse employees for business expenses; (5) failing to provide employees with accurate itemized wage statements; (6) failing to timely pay all earned wages due at time of separation of employment; and (7) violating the Unfair Competition Law ("UCL").

## INTRODUCTION

1.       Plaintiffs bring this class action pursuant to Code of Civil Procedure § 382 against Defendants for, among other things: (a) non-payment of wages for all hours worked (including the minimum wage); (b) non-payment of overtime wages; (c) non-provision of compliant meal-and-rest breaks; (d) failure to adequately indemnify employees for employment-related losses/expenditures; (e) failure to provide accurate wage statements; (f) failure to pay all wages due upon termination of employment; and for restitution under the UCL.

2.       This class action is within the Court's jurisdiction under Labor Code §§ 201-203, 204, 210, 218, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, the applicable Wage Orders of the California Industrial Welfare Commission ("IWC"), and the UCL.

3.       This Complaint challenges systemic and illegal employment practices, resulting in violations of the Labor Code and the UCL against individuals who worked for Defendants.

4.       Plaintiffs are informed and believe, and based thereon allege, that for the four years prior to the filing of this Complaint to the present, Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by Defendants' failure to pay the minimum wage for all hours worked, premium wages for all overtime hours worked, premium wages for non-compliant meal-and-rest periods, failure to

**CLASS ACTION COMPLAINT**

reimburse business expenses, failure to provide accurate itemized wage statements, and failure to timely pay all earned wages and final paychecks due at the time of separation of employment.

5.    Plaintiffs are informed and believe, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the Labor Code, applicable IWC Wage Orders and the UCL by creating and maintaining policies, practices and customs that knowingly deny employees the above-stated rights and benefits.

6.    The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the Labor Code and the UCL.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the violations of Labor Code §§ 201-203, 204, 210, 218, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

8.    Venue is proper in this Court because Plaintiffs performed work for Defendants in this County and Defendants are headquartered in this County.

## PARTIES

9.    Plaintiff Castaneda is a resident of Mission Viejo, California. Plaintiff Castaneda was employed by Defendants as a non-exempt employee from approximately September 5, 2023 to October 18, 2023. Throughout his employment with Defendants, Plaintiff was employed in a non-exempt capacity as a Senior Account Executive and performed work here in California for Defendants.

10.    Plaintiff Haluczak was also employed by Defendants as a non-exempt employee from approximately August 1, 2023 to approximately November 30, 2023. At all relevant times herein, Plaintiff Haluczak was employed by Defendants as an Area Manager in Tustin, California and she performed work here in California.

11.    AmeriTrust Mortgage Corporation is a mortgage lender located at 17341 Irvine Blvd., Suite 285, Tustin, CA 92780.

12.    Plaintiffs are further informed and believe, and based thereon allege, that at all times

CLASS ACTION COMPLAINT

herein mentioned, AmeriTrust Mortgage Corporation and DOES 1 through 50, are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such and based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to Labor Code §§ 201-203, 204, 210, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

13.    Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this Complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiffs and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment

15.    Plaintiffs are informed and believe, and based thereon allege, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.    At all times herein mentioned, the acts and omissions of various Defendants, and each

**CLASS ACTION COMPLAINT**

of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

18.     Plaintiffs were subjected to illegal employment practices. Specifically, Plaintiffs were not paid an hourly wage for non-overtime hours worked and were not paid a premium wage for all overtime hours worked. At all times, Defendants suffered, permitted, and controlled Plaintiffs and other non-exempt employees, but neither tracked the number of hours Plaintiffs and other non-exempt employees were working, nor paid Plaintiffs and other non-exempt employees for all hours worked, including an hourly wage for non-overtime hours worked and overtime wages for any hours worked in excess of 8 hours per day and/or 40 hours per workweek. This resulted in Plaintiffs and similarly situated employees working time for which they were not properly compensated in violation of Labor Code §§ 200, 1194, 1197, 1198 and the applicable Wage Order.

19.     Plaintiffs and similarly situated employees were also not paid wages for working through their meal periods; thus, these hours were not counted as hours worked. As a result, Plaintiffs and similarly situated employees were either not receiving an hourly wage for these hours or premium wages if these hours – had they been counted – would have taken them over 8 hours in a day or 40 hours in a week. Defendants' illegal policies and procedures were applied to all non-exempt employees in California and resulted in non-exempt employees not receiving all regular and overtime wages due to them in violation of Labor Code §§ 200, 510, 1194, 1197, 1198, and applicable Wage Order.

20.     Plaintiffs and similarly situated employees were neither provided with off-duty, 30-minute meal periods for shifts longer than 5 hours and/or 10-minute off-duty rest periods for every 4 hours worked, or major fraction thereof in violation of Labor Code §§ 226.7 and 512. Defendants

**CLASS ACTION COMPLAINT**

did not pay Plaintiffs and similarly situated employees a premium payment for non-compliant meal-and-rest periods.

21.     Plaintiffs and similarly situated employees also were required to incur business expenses as part of their work duties, including without limitation, using their personal cellular phones and internet for work-related purposes. Plaintiffs and similarly situated employees were required to pay their monthly cell phone costs, which Defendants routinely utilized to contact Plaintiffs and similarly situated employees to implement their schedules and/or direct their daily work activities in violation of Labor Code § 2802.

22.     As a result of the foregoing, Plaintiffs and similarly situated employees are also entitled to penalties for inaccurate wage statements and waiting-time penalties pursuant to Labor Code §§ 201-203 and 226.

23.     On information and belief, all other members of the proposed Class (as defined below) experienced Defendants' common company policies of failing to pay all straight time and overtime wages owed, failing to provide compliant meal periods to employees working at least 5 consecutive hours or any additional meal periods for working in excess of 10 consecutive hours, and failing to provide compliant rest periods for shifts of at least 3.5 hours, or a second rest period for shifts of more than six hours, or a third rest period for shifts in excess of ten hours.

24.     On information and belief, Defendants failed to indemnify all members of the proposed Class for employment-related losses and failed to provide them accurate wage statements—including statements that reflected all remuneration earned by Plaintiffs and similarly-situated employees.

25.     On information and belief, Defendants failed to timely pay Plaintiffs and similarly-situated employees for all remuneration earned due upon separation of employment.

## CLASS ACTION ALLEGATIONS

26.     **Class Definition:** Plaintiffs seek class certification, pursuant to Code of Civil Procedure § 382, of the following class:

> All current and former non-exempt employees who worked for Defendants

6

**CLASS ACTION COMPLAINT**

in California at any time from at least four years prior to filing this Complaint through the present.

27.     In the alternative, and at the appropriate time, Plaintiffs may seek to certify the following classes and/or subclasses:

a.     **Minimum Wage Class:** All current and former non-exempt employees employed by Defendants in California at any time between four years prior to filing this Complaint through the present and who were not paid an hourly wage for all non-overtime hours worked.

b.     **Overtime Class:** All current and former California non-exempt employees of Defendants who worked more than 8 hours a day in a workday or 40 hours in a workweek at any time four years prior to filing this Complaint and through the present.

c.     **Meal Break Class:** All current and former California non-exempt employees of Defendants who worked more than 5 and/or 10 hours in one shift at any time between four years prior to filing this Complaint through the present.

d.     **Rest Break Class:** All current and former California non-exempt employees of Defendants who worked 3.5 hours or more in one shift at any time between four years prior to filing this Complaint and through the present.

e.     **Expense Reimbursement Class:** All current and former non-exempt employees employed by Defendants in California at any time between four years prior to filing this Complaint and through the present and who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duty, including their monthly cell phone and internet expenses.

f.     **Wage Statement Class:** All current and former California non-exempt employees of Defendants who received one or more itemized wage statements at any time between four years prior to filing this Complaint and through the present.

g.     **Waiting Time Class:** All current and former non-exempt employees employed by

**CLASS ACTION COMPLAINT**

Defendants in California at any time between three years prior to filing this Complaint and through the present and who were not timely paid all earned wages due at the time of separation of employment.

h.    **UCL Class:** All current and former non-exempt employees employed by Defendants in California at any time between four years prior to filing this Complaint and through the present and who are owed restitution of wages.

28.    **Numerosity:** On information and belief, the members of the Class number in the hundreds and are so numerous that joinder of all members would be impractical, if not impossible. The number and identity of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

29.    **Adequacy of Representation:** Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class. Plaintiffs' attorneys are ready, willing and able to fully and adequately represent the Class. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

30.    **Common Questions of Law and Fact Predominate:** There are predominant common questions of law and fact and a community of interest amongst Plaintiffs and the claims of the Class concerning Defendants' policy and practice of: (a) failing to pay all wages, including the minimum wage, for all hours worked in violation of Labor Code §§ 200, 204, 218, 1194, 1197, 1197.1, and 1198; (b) failing to pay premium wages for all overtime hours worked in violation of Labor Code §§ 200, 204, 210, 510, 558, and 1194; (c) failing to provide 30-minute off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (d) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (e) failing to reimburse all business expenses in violation of Labor Code § 2802; (f) failing to provide accurate itemized wage statements in violation of Labor Code § 226; (g) failing to timely pay all earned wages due at the time of separation of employment in violation of Labor Code §§ 201-203; and (h) engaging in unfair business practices in violation of the UCL.

**CLASS ACTION COMPLAINT**

31.    **Typicality:** The claims of Plaintiffs are typical of the claims of all members of the Class in that Plaintiffs suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. As alleged in preceding paragraphs, Plaintiffs were subjected to the illegal employment practices asserted herein. Therefore, Plaintiffs were and are the victim of the policies, practices, and customs of Defendants complained of in this Complaint in ways that have deprived them of the rights guaranteed by Labor Code §§ 201, 202, 203, 204, 218, 226, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802, and the UCL.

32.    The Labor Code sections upon which Plaintiffs base these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

33.    The nature of this action and the format of laws available to Plaintiffs and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee was required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

34.    The prosecution of separate actions by the individual Class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class

**CLASS ACTION COMPLAINT**

members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

35.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class identified herein, in a civil action, for unpaid wages, including minimum wages, overtime wages, unreimbursed business expenses, meal and rest period premium pay, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of Labor Code §§ 226, 558, 1194, 2802 and Code of Civil Procedure § 1021.5.

36.     Proof of a common business practice or factual pattern, which Plaintiffs experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

37.     The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

### FAILURE TO AN HOURLY WAGES FOR ALL NON-OVERTIME HOURS WORKED

### VIOLATION OF LABOR CODE §§ 200, 204, 218, 1194, 1197 AND 1198

### (BY PLAINTIFFS AND THE MINIMUM WAGE CLASS AGAINST ALL DEFENDANTS)

38.     Plaintiffs hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

39.     At all times relevant to this Complaint, Plaintiff and the members of the Minimum Wage Class were non-exempt employees of Defendants.

40.     At all times herein relevant, Labor Code §§ 204, 218, and the applicable Wage Order were in full force and effect. Labor Code § 204 requires employers to pay all wages earned by any employee due and payable twice during each calendar month.

**CLASS ACTION COMPLAINT**

41.     Pursuant to Labor Code § 218, Plaintiffs may bring a civil action for unpaid wages due directly against the employer.

42.     Pursuant to Labor Code §§ 1194, 1197, and applicable Wage Order, Plaintiffs and Class members are entitled to receive wages for all hours worked, i.e., all time subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in effect during the time the employees earned the wages.

43.     Defendants' payroll policies and procedures required employees of the Class to be engaged, suffered, or permitted to work without being paid wages for all of the time in which they were subject to Defendants' control.

44.     Plaintiffs and similarly situated employees were also not paid all of their minimum wages based on, among other things, working through their meal periods and before and after their scheduled shifts.

45.     As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all non-overtime hours worked.

46.     Pursuant to Labor Code §§ 218.6, 1194(a) and 1194.2(a), Plaintiffs and the Class members are entitled to recover the unpaid balance, including unpaid regular and minimum wages, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

47.     Plaintiffs are informed and believe and based thereon alleges that Defendants' willful failure to provide Plaintiff and Class members the wages due and owing them upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiffs and Class members, who have separated from employment, are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 510, 558, 1194, AND 1198

### (BY PLAINTIFFS AND THE OVERTIME CLASS AGAINST ALL DEFENDANTS)

**CLASS ACTION COMPLAINT**

48.     Plaintiffs hereby incorporate by reference each and every other paragraph in this COMPLAINT herein as if fully pled.

49.     This cause of action is brought pursuant to Labor Code §§ 510 and 1194, which require an employer to pay employees overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of 8 hours in a workday or 40 hours in a workweek. These statutes further provide that any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2. As a pattern and practice, Defendants suffered and permitted their employees to work in excess of 8 hours in a workday and/or over 40 hours in a workweek without overtime pay and over 12 hours in a workday without double-time pay. Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code §§ 510 and 1194.

50.     Plaintiffs are informed and believe, and based thereon, alleges that Defendants' willful failure to pay Plaintiffs and Class members the wages due and owing them upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiffs and Class members who have separated from their employment are entitled to compensation pursuant to Labor Code § 203.

51.     Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiffs and the Class in a civil action, for the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of Labor Code §§ 510 and 1194.

///

///

///

**CLASS ACTION COMPLAINT**

### THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (BY PLAINTIFFS AND THE MEAL BREAK CLASS AGAINST ALL DEFENDANTS)

52.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully pled.

53.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiffs and Class Members had the opportunity to take and were provided with off-duty meal periods in accordance with the mandates of the Labor Code and the applicable IWC Wage Order. Plaintiffs and other non-exempt employees were suffered and permitted to work through legally required meal breaks and were denied the opportunity to take their full 30-minute off-duty meal breaks. As such, Defendants are responsible for paying premium compensation for missed, short and late meal periods pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order. Specifically, Labor Code § 226.7(c) provides that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday the meal or rest or recovery period is not provided." Defendants, as a matter of corporate policy and procedure, regularly failed to pay the meal period premiums for non-compliant meal periods.

54.     Plaintiffs are informed and believe and based thereon allege that Defendants willfully failed to pay meal period premium pay, as required by Labor Code §§ 226.7 and 512, and the applicable IWC Wage Order. Plaintiff further alleges that Plaintiffs and those employees similarly situated are owed wages for the meal period violations as set forth above.

55.     Plaintiffs are informed and believe, and based thereon allege, that Defendants' willful failure to pay all meal period premium wages due and owing them upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiffs and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

56.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class members

### CLASS ACTION COMPLAINT

identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code §§ 201, 202, 203, 226.7 and 512, and the applicable IWC Wage Order, including interest thereon, penalties, and costs of suit.

## FOURTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE § 226.7

### (BY PLAINTIFFS AND THE REST BREAK CLASS AGAINST ALL DEFENDANTS)

57.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully pled.

58.     At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiffs and Class members had the opportunity to take and were provided with off-duty rest periods in accordance with the mandates of the Labor Code and the applicable IWC Wage Order. At all relevant times, Plaintiffs and Class members were suffered and permitted to work through legally required rest breaks and were denied the opportunity to take their off-duty rest breaks. As such, Defendants are responsible for paying premium compensation for non-compliant and missed rest periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiffs and the Class members were not authorized or permitted to take.

59.     At all relevant times, Plaintiffs and Class members regularly worked in excess of 3.5 hours per day and accordingly had a right to take a 10-minute rest period for each 3.5 hours worked. However, Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide rest periods to its non-exempt employees in the State of California.

60.     Accordingly, as a pattern and practice, Defendants regularly required non-exempt employees to work through their rest periods without proper compensation and denied Plaintiffs and other non-exempt employees the right to take proper rest periods as required by law.

61.     This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

62.     Plaintiffs are informed and believes and based thereon alleges that Defendants

**CLASS ACTION COMPLAINT**

willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7, and the applicable IWC Wage Order and that Plaintiffs and those employees similarly situated as them are owed wages for the rest period violations set forth above. Plaintiffs are informed and believe, and based thereon, allege that Defendants' willful failure to pay Plaintiffs and other Class members the wages due and owing them upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiff and other members of the Class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

63.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and Class members identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation, including interest thereon, penalties, and costs of suit.

## FIFTH CAUSE OF ACTION

### FAILURE TO ADEQUATELY INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES

### VIOLATION OF LABOR CODE § 2802

### (BY PLAINTIFFS AND THE EXPENSE REIMBURSEMENT CLASS AGAINST ALL DEFENDANTS)

64.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully pled.

65.     Plaintiffs and members of the Class have been employed by Defendants in the State of California. California law requires Defendants to indemnify their employees for all necessary expenditures or losses incurred by the employee in discharge of his or her duties or at the obedience of the directions of the employer. Moreover, an employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee.

66.     Defendants have violated Labor Code § 2802 by failing to indemnify Plaintiffs and the members of the Class necessary expenditures they incurred in the discharge of their duties.

**CLASS ACTION COMPLAINT**

Specifically, Defendants employed a policy, practice, and procedure whereby Plaintiff and similarly situated employees were required use their personal cell phones and home internet for employment-related purposes. Plaintiffs and similarly situated employees also accumulated mileage and other driving costs on their own personal vehicles, and they were also required to pay their monthly cell phone and internet costs, which Defendants routinely utilized to contact Plaintiff and similarly situated employees to implement their schedules and/or direct their daily work activities.

67.    Moreover, Defendants employed policies and procedures which ensured Plaintiffs and the members of the Class would not receive indemnification for their employment-related expenses. This practice resulted in Plaintiffs and members of the Class not receiving such indemnification in compliance with California law.

68.    Because Defendants failed to properly indemnify employees for the necessary expenditures incurred in the discharge of their duty, including mileage and their monthly cell phone and internet expenses, they are liable to Plaintiffs and the Class for monies to compensate them for the use of their personal vehicles as well as personal cell phones and home internet.

69.    As a direct and proximate result of Defendants' violation of Labor Code § 2802, Plaintiffs and other Class members have suffered irreparable harm and monetary damages, entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of themselves and on behalf of the Class, seek damages and all other relief allowable, including indemnification for all employment-related expenses and ordinary business expenses incurred by Plaintiffs and the members of the Class, pursuant to Labor Code § 2802.

70.    Pursuant to Labor Code § 2802, Plaintiff and members of the Class are entitled to recover the full indemnification, reasonable attorney fees and costs of suit.

## SIXTH CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226, 1174, AND 1174.5

### (BY PLAINTIFFS AND THE WAGE STATEMENT CLASS AGAINST ALL DEFENDANTS)

71.    Plaintiffs hereby incorporate by reference each and every other paragraph in this

16

**CLASS ACTION COMPLAINT**

Complaint herein as if fully pled.

72.     Defendants failed in their affirmative obligation to provide accurate itemized wage statements. Defendants, as a matter of policy and practice, did not provide accurate wage statements in violation of Labor Code § 226.

73.     Plaintiffs and the Class members were non-exempt employees. As such, the wage statements should have, among other things, reflected the correct number of hours worked, the applicable hourly rates, gross wages earned, and meal-and-rest premiums for non-compliant meal-and-rest periods pursuant to Labor Code § 226, subd. (a). The wage statements provided to Plaintiffs and the Class failed to identify said requirements. Furthermore, the hours worked that appear on the wage statements, when added up, do not accurately identify the total hours worked for each pay period in violation of Labor Code § 226, subd. (a)(2).

74.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiffs and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of Labor Code § 226.

## SEVENTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

**VIOLATION OF LABOR CODE §§ 201-203**

**(BY PLAINTIFFS AND THE WAITING TIME CLASS AGAINST ALL DEFENDANTS)**

75.     Plaintiffs hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully pled.

76.     At all times relevant to this Complaint, Plaintiffs and the other members of the Class were employees of Defendants, covered by Labor Code §§ 201-203.

77.     Pursuant to Labor Code §§ 201-203, Plaintiffs and members of the Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees are entitled to payment of all wages earned and unpaid prior to discharge immediately upon terminate on. Employees who resigned were entitled to payment of all wages earned and unpaid

**CLASS ACTION COMPLAINT**

prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

78.      Defendants failed to pay Plaintiffs and members of the Class all wages earned and unpaid prior to separation of employment, in accordance with either California Labor Code §§ 201 or 202. Specifically, in direct violation of Labor Code § 201, despite that Plaintiffs' employment relationship with Defendants terminated, Defendants failed to timely pay Plaintiffs all of their earned wages and final paycheck. Plaintiffs are informed and believe and thereon alleges that at all relevant times within the limitations period applicable to this cause of action Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

79.      Defendants' failure to pay Plaintiffs and members of the Class all wages earned prior to separation of employment timely in accordance with California Labor Code §§ 201 and 202 was willful. Defendants had the ability to pay all wages earned by employees prior to separation of employment in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for overtime hours worked, failing to pay premium wages for workdays Defendants did not provide, or timely provide, employees all meal periods and rear periods in compliance with California law, and failing to reimburse employment-related expenditures. When Defendants failed to pay their non-exempt workers all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

80.      Pursuant to either Labor Code §§ 201 or 202, Plaintiffs and members of the Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

81.      Pursuant to California Labor Code § 203, Plaintiffs and members of the Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation until paid, up to a maximum of 30 days.

82.      As a result of Defendants' conduct, Plaintiffs and members of the Class have suffered

**CLASS ACTION COMPLAINT**

damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation.

83.     As a result of Defendants' conduct, Plaintiffs and members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under California Labor Code § 203.

84.     Plaintiffs and members of the Class are entitled to recover the full amount of their Unpaid wages, continuation wages under § 203, and interest thereon.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE UCL

### (BY PLAINTIFFS AND THE CLASS AGAINST ALL DEFENDANTS)

85. Plaintiffs hereby incorporates by reference each and every other paragraph in this Complaint herein as if fully pled.

86. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, including, to wit, by: (a) failing to provide off-duty meal periods in violation of Labor Code §§ 226.7 and 512; (b) failing to provide off-duty rest periods in violation of Labor Code § 226.7; (c) failing to pay all applicable overtime and double-time wages for all hours worked in violation of §§ 510, 1194, and 1198; (d) failing to pay all minimum wages for all hours worked in violation of §§ 1194 and 1197; (e) failing to reimburse all business expenses in violation of § 2802; and (f) failing to remunerate all employees for all wages earned due at separation in violation of §§ 201-203.

87. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

88. Plaintiffs seek individually and on behalf of other members of the Class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**CLASS ACTION COMPLAINT**

89. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by Business and Professions Code § 17200, *et seq*., including those set forth above; thereby depriving Plaintiffs and other members of the Class the minimum working standards and conditions due to them under the California laws as specifically described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment for themselves and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.    For an order certifying the proposed Class and/or Subclasses;

2.    For an order appointing Plaintiffs as the representatives of the Class and/or Subclasses and their counsel as class counsel;

3.    Upon the First Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 218.6, 1194, 1194.2, 1197, and 1197.1, and for costs and attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

4.    Upon the Second Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 510, 558, 1194, and 1197, and for costs, attorneys' fees, and any other relief, in law and/or equity, as the Court deems just or appropriate;

5.    Upon the Third Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 218.6, 226.7 and 512, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

6.    Upon the Fourth Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201, 202, 203, 218.6, and 226.7, for costs, and any other relief, in law and/or equity, as the Court deems just or appropriate;

7.    Upon the Fifth Cause of Action, for damages and/or penalties pursuant to Labor Code § 2802, and for costs and attorneys' fees;

8.    Upon the Sixth Cause of Action, for damages and/or penalties pursuant to California Labor Code § 226, and for costs and attorneys' fees, and any other relief, in law

## **CLASS ACTION COMPLAINT**

and/or equity, as the Court deems just or appropriate;

9.      Upon the Seventh Cause of Action, for damages and/or penalties pursuant to Labor Code §§ 201-203, and 227.3, and for costs and attorneys' fees;

10.     Upon the Eighth Cause of Action, for restitution to Plaintiffs and other similarly effected members of the Class of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200, *et seq.*; and

11.     On all causes of action for attorneys' fees and costs as provided by Labor Code §§ 201-203, 218.5, 226, 558, 1194, 1197, 1197.1, 2802, and Code of Civil Procedure § 1021.5; and for such other and further relief the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which Plaintiffs have a state and/or federal constitutional right to jury trial.

Respectfully submitted,

DATED: January 12, 2024

By: */s/ Leah M. Beligan*
    Leah M. Beligan, Esq. (SBN 250834)
    lmbeligan@bbclawyers.net
    Jerusalem F. Beligan, Esq. (SBN 211258)
    jbeligan@bbclawyers.net
    BELIGAN LAW GROUP, LLP
    19800 MacArthur Blvd., Ste. 300
    Newport Beach, CA 92612
    Telephone: (949) 224-3881

    *Attorneys for Plaintiffs and the Putative Classes*

**CLASS ACTION COMPLAINT**